IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESPERANSA LOUGHRAN, | : | |
| individually and on behalf of herself, | : | |
| *pro se*, and on behalf of those | : | |
| similarly situated as, | : | No. 4:05-CV-0872 |
|         Plaintiff, | : | |
| | : | |
|         v. | : | (Judge McClure) |
| | : | |
| BALD EAGLE AREA SCHOOL | : | |
| DISTRICT, | : | |
|         Defendant. | : | |

**O R D E R**

May 3, 2005

**BACKGROUND:**

On April 29, 2005, plaintiff Esperansa Loughran, proceeding *pro se*, filed an employment discrimination complaint "on behalf of herself . . . and on behalf of those similarly situated" against defendant Bald Eagle Area School District. Loughran's complaint totals fifty (50) pages, exclusive of exhibits, and includes numerous sub-paragraphs responding to seventy (70) charges defendant allegedly made against Loughran, which account for thirty (30) pages of Loughran's complaint.

On its own initiative, the court may strike from any pleading any "redundant,

immaterial, impertinent, or scandalous matter." See Fed. R. Civ. P. 12(f). Loughran's point-by-point retort of defendant's alleged charges against her are redundant and impertinent at this stage. A complaint need only contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). A complaint need only give a defendant fair notice of a plaintiff's claims. See Foulk v. Donjon Marine Co., Inc., 144 F.3d 252, 256 (3d Cir. 1998). A complaint need not set out in detail all the facts relied on by the plaintiff. Id.; see e.g., Fed. R. Civ. P. 84 (referencing adequate, sample complaints appearing in Appendix of Forms to Federal Rules of Civil Procedure).

Paragraph 11 of Loughran's complaint, which spans from page 6 to page 36, contains unnecessary factual details and amounts to a pleading of evidence, which is discouraged. Yet, given Loughran's *pro se* status, the court will direct Loughran to file an amended complaint without all of the sub-paragraphs contained in paragraph 11. Paragraph 11 as it currently stands, or perhaps with a simple reference to the range of dates mentioned in defendant's June 22, 2004 letter to Loughran, will suffice to place defendant on notice of Loughran's allegation of a continuing violation. If Loughran fails to file an amended complaint, the court will strike the sub-paragraphs of paragraph 11 pursuant to Rule 12(f).

**NOW, THEREFORE, IT IS ORDERED THAT:**

Loughran is directed to file an amended complaint without the factual allegations in the sub-paragraphs of paragraph 11 of her complaint within twenty (20) days of the date of this order. Failure to do so will result in the court's striking the sub-paragraphs of paragraph 11 pursuant to Federal Rule of Civil Procedure 12(f).

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge